SUCRS. OF A. MAYOL & CO., INC., ET AL., Petitioners and Appellants, v. L. A. MACLEOD, AUDITOR OF PUERTO RICO, Respondent and Appellee.

No. 5736.   Argued May 18, 1932.—Decided November 21, 1932.

*J. J. Ortiz Alibrán* for appellants. *Charles E. Winter, Attorney General,* and *Tomás Torres Pérez, Assistant Attorney General,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Petitioners, alleging themselves to be the only creditors and assignees of a contractor, applied for a mandamus to compel the defendant as Auditor of Puerto Rico to deliver a certain check alleged to have been issued by the auditor in favor of the contractor for the balance due on a completed government contract. This contract provided for the payment of a certain percentage of the contract price retained by the Commissioner of the Interior after liquidation of the contract by the Commissioner of the Interior and after production by the contractor of satisfactory evidence as to the payment of all claims against him on account of work done or material furnished, or for damages to land-owners during the progress of the work. The district judge ordered that notice of the application be given to respondent, ordered him to show cause why the writ should not issue, and set a day for the hearing. On the day so fixed the hearing was postponed to another date and on the day of the hearing respondent filed an answer wherein he denied that petitioners were the only creditors of the contractor, admitted other averments of the complaint, and alleged: That respondent in the exercise of his powers as Auditor of Puerto Rico and pursuant to the provisions of section 124 of the Political Code, on November 12, 1930, had transmitted to the Treasurer of Puerto Rico a check numbered 1714, dated July 18, 1930, to the order of the contractor for the sum of $6,053.80, for the application of the amount thereof to the payment of taxes past due and owing by the said contractor to the People of Puerto Rico in the sum of $6,325.16; that the complaint did not state facts sufficient to constitute a cause of action; that petitioners were without legal capacity to demand the relief sought, and that delivery of the check

was impossible because of the disposition already made of it by respondent.

Section 124 of the Political Code reads in part as follows:

"No money shall be paid to any person for his compensation, or to any claimant in satisfaction of any claim or demand against the Insular Treasury, where such person or claimant is indebted and in arrears to The People of Porto Rico and is charged therewith upon the books of the Auditor, until he has accounted for and paid to the Treasurer of Porto Rico all sums for which he may be liable: . . .

"In all cases where the pay or salary of any person, or an amount found due on any claim or demand against The People of Porto Rico, is withheld in pursuance of this section, it shall be the duty of the Auditor to set-off and credit the amount so withheld against the indebtedness of the party in arrears, or so much as may be required to satisfy and extinguish such indebtedness."

No evidence was introduced at the hearing. Our only proper source of information as to what did occur at that time is the statement of "facts, opinion and judgment" filed by the district judge.

The district judge, after outlining the several defenses set up by respondent, said that the parties had agreed that "these questions of law" should be decided before the questions of fact. For this purpose and as a matter of course, he then accepted as true the averments of the answer as well as those of the complaint. Petitioners now say that only two questions of law were submitted, namely, the question as to the sufficiency of the complaint and the question as to the legal capacity of petitioners to demand the relief sought.

It may be conceded that no replication was required and that, in the absence of any stipulation to the contrary, the district judge should not have assumed that the averments of the answer were true. The parties, however, were at liberty to submit the sufficiency of the facts stated in the answer, without the formality of introducing evidence to establish those facts and this, according to the district judge,

is what they did. In the absence of any stipulation in writing, or bill of exceptions, or of anything else in the record to indicate that the district judge was mistaken, we must accept his version of the agreement between the parties as correct.

It may also be conceded, for the sake of argument only that the district court erred in holding that the complaint did not state facts sufficient to constitute a cause of action, and in holding that mandamus is not within the reservation concerning "such right of action as may be otherwise provided by law" contained in section 21 of the Organic Act. These are the only grounds of appeal specified in the assignment of errors. The fact that the contractor was indebted to The People of Puerto Rico for delinquent taxes to an amount in excess of the balance due him under his contract and the fact that the Auditor for this reason withheld payment under the authority conferred upon him by section 124 of the Political Code were enough to justify the district court in refusing to issue a writ of mandamus. It seems reasonably clear from the opinion of the district judge, taken as a whole, that this was one of the grounds, if not the main ground, on which the judgment of dismissal was based.

Petitioners did not set forth, as did the petitioner in *Axtmayer* v. *Kessinger,* 32 P.R.R. 841, the reasons given by the Auditor for his refusal to meet the demand made upon him. Here, the averment was that petitioners on August 11, 1930, had demanded delivery of the check and that the auditor in a letter dated November 12, 1930, had refused without just cause to deliver the same. It is a significant fact that the date of this refusal coincides with the date on which the Auditor had transmitted the check to the Treasurer for the purpose of crediting the amount thereof on the contractor's debt to the Insular Government. Obviously, if petitioners had alleged that the Auditor had based his refusal on the action so taken under section 124 of the Political Code, and had attempted to brush aside this explanation

by the simple statement that the same was not a sufficient justification or "just cause," they would not have been entitled even to an order to show cause why a writ of mandamus should not issue. If the statement that the Auditor was "without just cause" be not insufficient as a mere conclusion of law, it was rendered more or less nugatory by the further averment that petitioners had appealed from the Auditor's decision and that the Governor had affirmed the same.

Mandamus is an extraordinary writ. It is familiar law that the applicant must establish a clear legal right to demand performance of the act which respondent has refused to perform. Petitioners, after alleging that the refusal of the Auditor to act was contained in a letter of November 12, 1930, that they had appealed from this decision and that the Governor had affirmed the same, should have disclosed the reason assigned by the Auditor for such refusal because, without any information in this regard, the court was not in a position to determine for itself whether or not such refusal was "without just cause." In the absence of any such disclosure, the district judge would have been justified in dismissing the application without requiring respondent to show cause why a writ of mandamus should not issue.

The judgment appealed from must be affirmed.